NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARION SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civ. No. 14-7157 (WJM)<br><br>OPINION |

**William J. Marini, U.S.D.J.**

Defendant United States of America filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction against the originally-named Defendants and also pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to properly serve the United States. Plaintiff has not opposed the motion. For the reasons set forth below, the motion is hereby **GRANTED**.

**I.    Background**

This personal injury action, brought pursuant to the Federal Tort Claims Act ("FTCA"), arises from a motor vehicle accident which occurred on September 23, 2013 ("MVA"). The MVA occurred between a vehicle owned by the Veterans Administration ("VA") being operated by a VA employee and a vehicle driven by Jekyll Ayers in which Plaintiff was a passenger. As a result of the MVA, Plaintiff Marion Sanders alleges that she suffered personal injuries.

Plaintiff timely presented an administrative claim (commonly referred to as a SF-95). The SF-95 was subsequently presented to the VA. On or about August 7, 2014, the VA wrote to Raymond Armour, Esq., counsel to Plaintiff, denying Plaintiff's administrative claim. The letter advises Plaintiff as to the options

1

available for further pursuing the claim. Specifically, the letter directs Plaintiff to the FTCA and states "that a tort claim which is administratively denied may be presented to a United States District Court." It further advises that such an action must be filed within six months of the denial letter and that the proper party defendant is the United States of America, not the VA.

Plaintiff initiated her action on or about September 10, 2014, in the Superior Court of New Jersey, Essex County, Law Division, Civil Part. The state court complaint names Steve Remy and the Office of Regional Council Department of Veterans Administrators, as well as fictitious named defendants (i.e., John Doe and ABC Corp.). On November 14, 2014, the United States removed the case to federal court on the basis of the Federal Tort Claims Act, which provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

Plaintiff's only attempt at service in this action was to mail a copy of the summons and complaint to the Department of Veterans Affairs, Office of Regional Counsel, in Brooklyn, New York. The summons is only directed "to the following defendant: Steve Remy."

## II. Subject Matter Jurisdiction

It is well-established that the United States, its agencies, instrumentalities, and employees, are immune from suit except as Congress has expressly consented and that upon such observance and adherence to its statutory terms. Moreover, the precise terms of that consent define any court's jurisdiction to entertain an action brought pursuant to it. *See*, *e.g.*, *Federal Aviation Admin. v. Cooper*, 132 S. Ct.

1441, 1448 (2012); *Orff v. United States*, 545 U.S. 596, 601-02 (2005); *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260-61 (1999); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *White-Squire v. United States Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010); *Cudjoe ex rel. Cudjoe v. Department of Veterans Affairs*, 426 F.3d 241, 246 (3d Cir. 2005).

A waiver of the sovereign's traditional immunity from suit must be strictly and narrowly construed in the sovereign's favor. *White-Squire*, 592 F.3d at 456; *Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009); *Cudjoe*, 426 F.3d at 246; *In re Orthopedic Bone Screw Product Liability Litigation*, 264 F.3d 344, 362 & n. 2 (3d Cir. 2001). Any ambiguities in the statutory text of the waiver must also be construed in favor of immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996) (*quoting United States v. Williams*, 514 U.S. 527, 531 (1995)).

Actions seeking to recover in tort against the United States, based on the conduct of its employees for actions within the scope of employment, are governed by the FTCA which constitutes a limited waiver of the sovereign's immunity from suit. *Fields v. United States*, 2010 WL 715720, *2 (D.N.J. Feb. 24, 2010) (*citing Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003)). The FTCA does not permit a tort action to be brought against a federal employee who was acting within the scope of employment at the time of the events that gave rise to the claim. 28 U.S.C. § 2679(b)(1). The employee is immune from liability in that circumstance. *United States v. Smith*, 499 U.S. 160 (1991); *Brumfield v. Sanders*, 232 F. 3d 376, 379 (3d Cir. 2000); *Jones v. Miner*, 2007 WL 2212508, at *3 (D.N.J. July 27, 2007). The United States itself is the only proper defendant in an action under the FTCA. 28 U.S.C. § 1346(b)(1), 2674, 2679(a); *CAN v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008); *Hoffenberg v. United States*, 2012 WL 379934, at *4 (D.N.J. Feb. 6, 2012); *Doughty v. United States Postal Service*, 359 F. Supp. 2d 361, 363 n.1 (D.N.J. 2005); *Kieffer v. Vilk*, 8 F. Supp. 2d 387, 393 (D.N.J. 1998).

In this case, the Complaint does not allege that Mr. Remy was acting beyond or outside the scope of his federal employment. That omission is significant. Absent an allegation that he was acting outside the scope of his VA employment, no negligence cause of action can be brought against him personally, and the FTCA is the only available remedy. *Jenssen v. U.S. Postal Service*, 763 F. Supp. 976, 979 (N.D.Ill. 1991); *Leddy v. United States Postal Service*, 525 F. Supp. 1053, 1054-55 (E.D.Pa. 1981). *See also, Kieffer*, 8 F. Supp. 2d at 394 (unrefuted allegation that individual defendant acted as agent, servant or employee of the Postal Service allowed for assumption that defendant was acting within the scope of employment and was, therefore, immune from negligence claim). Moreover, in this case, Plaintiff

actually asserts that Steve Remy was driving a vehicle owned by the VA with the VA's permission and was acting as its agent and servant.

Accordingly, because the United States is the only proper party in a lawsuit brought under the FTCA, Plaintiff cannot proceed against defendant Mr. Remy and he must be dismissed with prejudice as a defendant.

### III.   Service of Process

Plaintiff has failed to effectuate service on the United States. The requirements for service on the "United States and its Agencies, Corporations, Officers, or Employees" is plainly spelled out in Federal Rule of Civil Procedure 4(i). Before the District Court can exercise personal jurisdiction over the United States, "the procedural requirements of service of a summons must be satisfied. 'Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital International, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 87, 104 (1987) (*quoting Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999). Where a plaintiff has failed to effectuate proper service, the Court is without jurisdiction over the defendants and is constitutionally powerless to proceed to an adjudication of any of the claims raised. Courts are thus admonished to assure that jurisdiction over the defendant has been conferred, because to proceed in the absence of personal jurisdiction is to engage in a "sterile exercise[.]" *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568-69 (3d Cir. 1996). Proper, effective service of process is a prerequisite to further proceedings in any case. *See Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 778-79 (2000) (if there is no jurisdiction over the person, there is no authority to do anything else); *Murphy Bros.*, 526 U.S. at 350-51 (service of the summons is the sine qua non directing an individual to participate in a civil action); *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 584 (1999) (without jurisdiction over the defendant, the court is powerless to proceed); *Omni Capital*, 487 U.S. at 104; *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1992) (*citing Hansberry v. Lee*, 311 U.S. 32, 40 (1940)).

Specifically, to effectuate service upon the United States in a FTCA action, a plaintiff must both serve the United States Attorney's Office ("USAO") in the district in which the action is filed and "send a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States."

Fed.R.Civ.P. 4(i)(A)-(B).  In this action, all Plaintiff has done is serve a summons naming only Mr. Remy and that was served on the VA.  Plaintiff has failed to serve either the USAO or the Attorney General and, therefore, has not even attempted service on the United States.  Accordingly, Plaintiff has failed to effectuate service of process on the United States.

### IV. Conclusion

For the above reasons, the United States's motion to dismiss is granted.  Dismissal is without prejudice.

/s/ William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

**DATE: January 20, 2015**